UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Subpoena in _____ ) | |
| ) | |
| UNITED STATES ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| v. )Misc. No. 07-mc-00291(RJL) | |
| ) | |
| CARLTON EDWARDS ) | |
| Subpoena Duces Tecum to ) | |
| Custodian of Records, ) | |
| Court Services and Offender ) | |
| Supervision Agency ) | |
| 633 Indiana Ave., N.W. ) | |
| Washington, D.C. 20004 ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MOTION TO QUASH SUBPOENA

The United States Attorney, through the undersigned attorneys, and on behalf of the Court Services and Offender Supervision Agency ("CSOSA" or "Agency"), hereby moves to quash the subpoena issued in this matter.

The Court is respectfully referred to the accompanying memorandum in support of this motion. A proposed order is also attached.

Dated: July 16, 2007          Respectfully submitted,

_____
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney

                    _____
RUDOLPH  CONTRERAS, Bar # 434122
Assistant United States Attorney


                    _____
BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 **Benton.Peterson@usdoj.gov**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Subpoena in _____ | ) |
| | ) |
| UNITED STATES | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Misc. No. 07-mc-00291(RJL) |
| | ) |
| CARLTON EDWARDS | ) |
| Subpoena Duces Tecum to | ) |
| Custodian of Records, | ) |
| Court Services and Offender | ) |
| Supervision Agency | ) |
| 633 Indiana Ave., N.W. | ) |
| Washington, D.C. 20004 | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO QUASH**

On July 10, 2007, the Court Services and Offender Supervision Agency("CSOSA") was served with a subpoena duces tecum, apparently requesting CSOSA to produce and permit inspection and copying of any all documents pertaining to 1) whether Mr. Sweat is under parole, supervised release, or probation supervision ; 2) the case(s) for which he is under supervision, 3) his date(s) of supervision; 4) the amount of street time he would lose if his supervision is revoked; 5) the names and phone numbers of his supervising officers; 6) the results of any positive drugs tests from 4/21/2006 to date; 7) any indication that his conduct while under supervision was unsatisfactory in any way; 8) letters or applications to the Court or U.S.

2

Attorney's Office suggesting a review or revocation of his supervision; and 9) communications from the U.S. Attorney's Office from 4/2006 to date advising his supervising authority that he was cooperating in the above matter or requesting favorable treatment by his supervisor.  See Exhibit 1.

The subpoena matter was removed to this Court, consistent with 28 U.S.C. §§ 1442(a)(1), 1446, Brown & Williamson Tobacco Corp. v. Williams, 62 F.3d 408, 412-415 (D.C. Cir. 1995), and Houston Business Journal, Inc. v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1211 (D.C. Cir. 1996).  See Docket No. 1.[1]

Applicable law and CSOSA regulations preclude testimony about or production of the information requested by the subpoena to the extent it may exist, and jurisdiction is lacking to enforce a subpoena for information from the federal government.[2]  Thus, for the reasons more fully explained below, the subpoena should be quashed.

The D.C. Circuit has made clear that neither the District of Columbia Superior Court nor this Court has jurisdiction to enforce a Superior Court subpoena when the party seeking

---

[1] CSOSA has attempted to resolve this matter without the need for litigation, but has been unable to do so.  See, e.g., Exhibit 1 (Letter from CSOSA to Mr. Ungvarsky and attached CSOSA regulations).  Although the undersigned has attempted to contact Mr. Ungvarsky to discuss the matter and explore ways in which information might be properly provided to him, it does not appear that Mr. Ungvarsky is interested in actively pursuing other mechanisms available to him.

[2] In addition to the substantial federal defenses of sovereign immunity and the Supremacy Clause, other federal defenses applicable to CSOSA's records may arise from confidentiality requirements imposed by federal law, including, among other things, the Privacy Act, 5 U.S.C. § 552a, and other disclosure statutes, see, e.g., 42 U.S.C. § 290dd-2, and implementing regulations, 42 C.F.R. Part 2 (confidentiality requirements applicable to substance abuse treatment records).

3

enforcement has failed to comply with an agency's Touhy[3] regulations. "In state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena." Houston Business Journal v. OCC, 86 F.3d 1208, 1211 (D.C. Cir. 1996). And, "because a federal court's jurisdiction upon removal is derivative of the state court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government." Id. at 1212.

In Houston Business Journal, the Court stated that "neither state-court nor federal-court litigants may obtain a subpoena *duces tecum* against a federal agency that has enacted a Touhy regulation." Id. at 1212 n.4 (citations omitted). Indeed, when an agency has enacted valid Touhy regulations, a litigant may not obtain a subpoena *duces tecum* against an employee of a federal agency, but rather "the litigant must proceed under the APA [Administrative Procedure Act] and the federal court will review the agency's decision not to permit its employee to testify under an 'arbitrary and capricious' standard." 86 F.3d at 1212 n. 4 (citing Moore v. Armour Pharm. Co., 927 F.2d 1194, 1197 (11th Cir. 1991); Davis Enters. v. EPA, 877 F.2d 1181, 1186 (3d Cir. 1989), cert. denied, 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990)); see also Ho v. United States, 374 F.Supp.2d 82, 83 (D.D.C. 2005).

In this case, CSOSA has validly enacted Touhy regulations, 28 C.F.R. §§ 802.24, et. seq., and those regulations prohibit CSOSA employees from providing the information sought, see 28 C.F.R. 802.27(a). No one has secured authorization under those regulations for the release of the information sought in the subpoena. Id. Therefore, sovereign immunity precludes the Superior Court from entering an order compelling production. Moreover, a District Court upon

---

[3] See United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

removal similarly lacks subject matter jurisdiction to enforce the subpoena at issue. See Houston Business Journal v. OCC, 86 F.3d at 1212; Longtin v. United States Department of Justice, No. 06-1302 (D.D.C. Aug. 3, 2006), aff'd, Order in No. 06-5223 (D.C. Cir. Aug. 9, 2006). The failure to comply with the regulations promulgated by CSOSA, 28 C.F.R. § 802.24, et seq., requires this Court to quash the subpoena seeking information from CSOSA. See 28 C.F.R. 802.13; Houston Business Journal, 86 F.3d at 1211-12; Ho v. United States, 374 F. Supp.2d at 83.

WHEREFORE, CSOSA respectfully requests that the Court order the subpoena issued to CSOSA be quashed.

Dated: July 16, 2007                     Respectfully submitted,


_____
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney


_____
BENTON G. PETERSON, Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. Civil Division
Washington, D.C. 20530
(202) 514-7238 514-8780 (Facsimile)
Benton.Peterson@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Subpoena in _____ )<br>)<br>UNITED STATES )<br>)<br>)<br>)<br>      Plaintiff, )<br>   v.                                                )Misc. No. 07-mc-00291(RJL)<br>)<br>CARLTON EDWARDS )<br>Subpoena Duces Tecum to )<br>Custodian of Records, )<br>Court Services and Offender )<br>Supervision Agency )<br>633 Indiana Ave., N.W. )<br>Washington, D.C. 20004 )<br>)<br>)<br>      Defendant.   )<br>_____) | |

**ORDER**

Upon consideration of Defendant's Motion to Quash and the entire record herein, and it appearing to the Court that the granting of the Motion to Quash would be just and proper, it is this _____ day of _____, 2007

ORDERED that Defendant's Motion to Quash is hereby GRANTED

SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE

Case 1:07-mc-00291-RJL    Document 2    Filed 07/16/2007    Page 8 of 9

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Motion to Quash has been made by mailing copies thereof to:

Ed Ungvarsky
PDSDC
633 Indiana Ave NW
Washington, D.C. 20004

on this 16th day of July, 2007.

BENTON G. PETERSON,
Assistant United States Attorney

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In Re Subpoena in _____ )
                                     )
   UNITED STATES                 )
                                     )
                                     )
                                     )
                               Plaintiff,     )
  v.                                 ) Misc. No.  07-mc-00291(RJL)
                                     )
   CARLTON EDWARDS               )
   Subpoena Duces Tecum to       )
   Custodian of Records,         )
   Court Services and Offender   )
   Supervision Agency            )
   633 Indiana Ave., N.W.        )
   Washington, D.C. 20004        )
                                     )
                                     )
                               Defendant.    )
_____)

**ORDER**

Upon consideration of Defendant's Motion to Quash and the entire record herein, and it appearing to the Court that the granting of the Motion to Quash would be just and proper, it is this _____ day of _____, 2007

ORDERED that Defendant's Motion to Quash is hereby GRANTED


SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE