UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Subpoena in | ) |
| | ) |
|    UNITED STATES | ) |
| | ) |
| | ) |
| | ) |
|                     Plaintiff, | ) |
|   v. | )Misc. No.  07-mc-00291(RJL) |
| | ) |
| CARLTON EDWARDS | ) |
| Subpoena Duces Tecum to | ) |
| Custodian of Records, | ) |
| Court Services and Offender | ) |
| Supervision Agency | ) |
| 633 Indiana Ave., N.W. | ) |
| Washington, D.C. 20004 | ) |
| | ) |
| | ) |
|                   Defendant. | ) |
| _____ | ) |

## REPLY IN SUPPORT OF MOTION TO QUASH

_____The Court Services and Offender Supervision Agency("CSOSA")

submits this reply in support of its motion to quash.

## INTRODUCTION

CSOSA was established as an agency within the executive

branch of the Federal Government by Section § 11233 Public Law

105-33, 111 Stat. 748 (1997) (The National Capital Revitalization

and Self-Government Improvement Act of 1997).[1]  Counsel for Mr.

Edwards, a defendant in a criminal case that was before Superior

Court of the District of Columbia, has served a subpoena upon

CSOSA which states that CSOSA is commanded to produce and permit

_____

[1]  The agency's current name was adopted in Section 7(c) of
Pub. L. 105-274.

inspection and copying of any all documents pertaining to 1) whether Mr. Sweat is under parole, supervised release, or probation supervision ; 2) the case(s) for which he is under supervision, 3) his date(s) of supervision; 4) the amount of street time he would lose if his supervision is revoked; 5) the names and phone numbers of his supervising officers; 6) the results of any positive  drugs tests from 4/21/2006 to date; 7) any indication that his conduct while under supervision was unsatisfactory in any way; 8) letters or applications to the Court or U.S. Attorney's Office suggesting a review or revocation of his supervision; and 9) communications from the U.S. Attorney's Office from 4/2006 to date advising his supervising authority that he was cooperating in the above matter or requesting favorable treatment by his supervisor. <u>See</u>  Exhibit 1.[2]

---

[2] The undersigned has learned today that the underlying criminal trial in this matter has been resolved by jury verdict, acquitting Mr. Edwards of all charges. However, although the jury's verdict has apparently resolved any issues about disclosure of the specific records requested by the Superior Court subpoena that sparked this case, the case remains a live controversy because issues such as those presented by Superior Court subpoenas issued to federal agencies are questions "capable of repetition but evading review." <u>Am. Cargo Transport, Inc. v. Natsios</u>, 429 F. Supp. 2d 139, 144 (D.D.C. 2006); <u>Weinstein v. Bradford</u>, 423 U.S. 147, 149 (1975).  The  relief sought by the Public Defender Service would only be moot, if the Public Defender Service, which represents Mr. Edwards, confirms that it will discontinue its attempts to use Superior Court subpoenas to circumvent CSOSA's <u>Touhy</u> regulations and other federal restrictions on disclosure of CSOSA records.

**ARGUMENT**

## I. <u>Removal of Subpoena Action is Proper</u>

D.C. Superior Court is a state court for purposes of removal.  28 U.S.C. § 1451.  The Superior Court is not a court of the United States.  <u>Cf.</u> 28 U.S.C. § 451 (defining "court of the United States" under Title 28 to include judges who "hold office during good behavior"); D.C. Code § 11-1502 (describing Superior Court judges as serving "for a term of fifteen years. . .")

It is appropriate and commonplace for state subpoenas on federal agencies to be removed to a federal district court.  <u>See State of Louisiana v. Sparks</u>, 978 F.2d at 235 (5th Cir. 1992)("myriad cases involving a § 1442(a) removal of a state subpoena proceeding against an unwilling federal officer have held that the sovereign immunity doctrine bars enforcement of the subpoena); <u>see also</u>, <u>Automated Mailing & Processing Systems, Inc. v. Coast Containment, Inc.</u>, 922 F.2d 835 (table), 1991 WL 806 (4th Cir.1991) (involving Justice Department regulations); <u>Boron Oil Co. v. Downie</u>, 873 F.2d 67, 69-70 (4th Cir.1989); <u>Swett v. Schenk</u>, 792 F.2d 1447, 1451 (9th Cir.1986) (<u>citing</u> <u>Ex Parte Sackett</u>, 74 F.2d 922, 923 (9th Cir. 1935); <u>State of Kansas v. Call</u>, 760 F. Supp. 190, 192 (D. Kan. 1991), aff'd, 961 F.2d 220 (10th Cir.1992) (involving Justice Department regulations); <u>In re:  Complex Blood Litigation</u>, 1991 U.S.Dist. LEXIS 4954 (N.D. Cal. April 8, 1991); <u>Moore v. Armour Pharmaceutical Co.</u>, 129

3

F.R.D. 551, 555 (N.D. Ga.) (dicta), aff'd, 927 F.2d 1194 (11th Cir.1991); <u>Sharon Lease Oil Co. v. FERC</u>, 691 F.Supp. 381, 385 (D.D.C. 1988); <u>Environmental Enterprises</u>, <u>Inc. v. EPA</u>, 664 F.Supp. 585, 586 & n. 1 (D.D.C. 1987) (citing cases); <u>Reynolds Metals Co. v. Crowther</u>, 572 F.Supp. 288, 290-91 (D.Mass. 1982).

Mr. Edwards contends that there are two bases for remand in this case.  First, Mr. Edwards asserts that removal was "unauthorized by 28 U.S.C. § 1442(a)" because the underlying criminal action in the Superior Court was "'commenced by' not 'against' the United States."  Opp. at p. 5.  In essence, Mr. Edwards argues that because "the United States" is a party to the case in Superior Court and voluntarily elected to prosecute Mr. Edwards in one forum, it cannot  seek to "evade that same forum's authority over a United States agent."  Id. at p. 6.  This argument is fatally flawed because the subpoena in question was not issued to "the United States" and "the United States" did not remove the subpoena matter.

Although Mr. Edwards was prosecuted "in the name of the United States," D.C. Code § 23-101(c), and CSOSA is an agency "within the executive branch of the Federal Government," id. § 24-133(a), those facts do not mean that CSOSA is subsumed within "the United States" for purposes of Mr. Edwards's criminal trial. Indeed, if Mr. Edwards's argument were valid, then no subpoena would have been necessary: the Superior Court Judge could simply

have ordered "the United States," through its prosecutor, to produce the requested records.  By contrast, a subpoena is a means by which testimony or documents may be obtained from a non-party.  Accordingly, by resorting to a subpoena, both defense counsel and the Superior Court Judge  recognized that CSOSA was not a party to Mr. Edwards's criminal prosecution.  This conclusion is reinforced by cases which recognize that "the government" for purposes of the Brady doctrine and discovery in criminal cases is limited to the "branches of government closely aligned with the prosecution."  United States v. Brooks, 966 F.2d 1500, 1502-03 (D.C. Cir. 1992) (internal quotation omitted); accord, e.g., United States v. Libby, 429 F. Supp. 2d 1, 5-7 (D.D.C. 2006).  See generally Kyles v. Whitley, 514 U.S. 419, 437 (1995).

CSOSA was not involved in Mr. Edwards's prosecution in the Superior Court, and there is no basis to conclude that CSOSA is "closely aligned" with the prosecution.  See D.C. Code § 24-133(c) (functions of CSOSA); cf. United States v. Zavala, 839 F.2d 523, 528 (9th Cir.) (Brady, discovery statutes, and criminal discovery rules do not extend to reports prepared by probation office), cert. denied, 488 U.S. 831 (1988).  Therefore, the actions taken by the prosecutor in Mr. Edwards's case in the

5

Superior Court cannot be attributed to CSOSA.[3]

28 U.S.C. § 1442(a) permits the removal of "[a] civil action or criminal prosecution commenced in a State court against . . . [t]he United States or any agency thereof." As mentioned above, the term "'State court' includes the Superior Court of the District of Columbia" for purposes of Section 1442(a). 28 U.S.C. § 1451(1). Furthermore, although Section 1442(a) speaks in terms of a "civil action or criminal prosecution," the precise label attached to the proceeding is not controlling. See, e.g., North Carolina v. Carr, 386 F.2d 129, 131 (4th Cir. 1967). Section 1442(a), therefore, deals not only with civil actions or criminal prosecutions that might subject a federal agency to some liability or penalty, but to any proceeding that seeks to prohibit or require action by the agency. See, e.g., Florida v. Cohen, 887 F.2d 1451, 1453 (11th Cir. 1989). A subpoena proceeding in a state court against a federal agency is just such a proceeding. See, e.g., Boron Oil Co. v. Downie, 873 F.2d 67, 70-71 (4th Cir. 1989). Consequently, as demonstrated above, the instant subpoena proceeding was properly removed by CSOSA pursuant to Section 1442(a).

Mr. Edwards also argues that remand is appropriate because

---

[3]Of course, Mr. Edwards's defense counsel could properly seek the requested documents by complying with CSOSA's Touhy regulations (United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951)).

"CSOSA has no legitimate federal defense to resist disclosure of Mr. Sweat's records to Mr. Edwards to use in his defense at his murder trial." Opp. at p. 11. This argument is unsound because, sovereign immunity and the Supremacy Clause provide CSOSA with substantial federal defenses to a subpoena issued by the Superior Court.[4] Consequently, Mr. Edwards's contention that CSOSA has "no legitimate federal defense" to litigate before this Court is without merit.

Federal agencies such as CSOSA have sovereign immunity from state court subpoenas unless that immunity has been waived. See, e.g., Louisiana v. Sparks, 978 F.2d 226, 234-36 (5th Cir. 1992); Sharon Lease Oil Co. v. FERC, 691 F. Supp. 381, 383-84 (D.D.C. 1988). Mr. Edwards maintains that because "[i]t is the United States that opted to commence a prosecution against Mr. Edwards in D.C. Superior Court. . . opted to rely on the testimony of Mr. Sweat to satisfy its burden of proof . . . that potentially possesses critical information about Mr. Sweat that Mr. Edwards would be. . . entitled to use . . . CSOSA, as a United States agency, cannot withhold information from Mr. Edwards under the

---

[4] Other federal defenses may arise from confidentiality requirements imposed by federal law that are applicable to CSOSA's records. Disclosure of records about an individual that are retrievable by the individual's name or other personal identifier from a system of records is restricted by the Privacy Act, 5 U.S.C. § 552a. Substance abuse treatment records are subject to even more stringent restrictions on disclosure created by 42 U.S.C. § 290dd-2 and the implementing regulations at 42 C.F.R. Part 2.

guise of sovereign immunity."  Opp. at p. 24.

Sovereign immunity, however, can only be waived by Congress, which means that statutory consent to suit is necessary for a waiver.  See, e.g., United States v. Shaw, 309 U.S. 495, 500-01 (1940); Minnesota v. United States, 305 U.S. 382, 388-89 (1939).

Moreover, any statute waiving the sovereign immunity of the United States is subject to a rule of strict construction, and any doubts about the scope of the waiver are to be "resolved in favor of narrower governmental liability."  Trout v. Sec'y of the Navy, 317 F.3d 286, 289-90 (D.C. Cir.), cert. denied, 540 U.S. 981 (2003).

The only statute that implicates a waiver of sovereign immunity with respect to Mr. Edwards's criminal prosecution in the Superior Court is Section 23-101(c) of Pub. L. 91-358, codified at D.C. Code § 23-101(c), which provides that certain criminal prosecutions for local District of Columbia offenses "shall be conducted in the name of the United States by the United States attorney for the District of Columbia or his assistants."  Because the United States Attorney's Office for the District of Columbia is, by virtue of Section 23-101(c), a party to such criminal prosecutions in the Superior Court, sovereign immunity considerations presumably would not apply to the activities of the United States Attorney's Office in those cases. Hence, to the extent they are engaged in criminal prosecutions in

8

the Superior Court, the United States Attorney and his assistants are subject to the Superior Court's rules and procedures. Section 23-101(c), however, makes no reference to CSOSA or to any other federal agency.  Accordingly, under the rule of strict construction that is applicable to waivers of sovereign immunity, Section 23-101(c) cannot be read broadly to waive sovereign immunity so as to subject CSOSA to the subpoena power of the Superior Court.

Contrary to Mr. Edwards's assertion, Opp. at p. 25, CSOSA's sovereign immunity defense is not affected by the repeal of the doctrine of "derivative jurisdiction" pursuant to "28 U.S.C. § 1441(e)" (sic).  The provisions of former 28 U.S.C. § 1441(e) are now codified, as amended, at 28 U.S.C. § 1441(f) and provide that the federal court to which a civil action is removed "under this section" (i.e. section 1441) is not precluded "from hearing and determining any claim in such civil action because the State court . . . did not have jurisdiction over that claim."

Thus, the repeal of derivative jurisdiction only applies to section 1441, because of amendments to statute made in 2002. See Pub. L. 107-273.  As currently in effect, therefore, the statute on which Mr. Edwards relies eliminates the doctrine of derivative jurisdiction only for actions removed under Section 1441, not Section 1442, the section used to remove the instant matter.

Moreover, CSOSA's sovereign immunity defense, is not limited to a defect in the Superior Court's jurisdiction. Rather, CSOSA submits that there has been no waiver of sovereign immunity which would permit either the Superior Court, or this Court, or any other court from enforcing a Superior Court subpoena directed to CSOSA. See Houston Business Journal, Inc. v. Office of the Comptroller of the Currency, 86 F.3d 1208 (D.C. Cir. 1996); accord, Longtin v. Dep't of Justice, 2006 WL 2223999, *2 (D.D.C.), aff'd. mem., No. 06-5223 (D.C. Cir. 2006); Santini v. Herman 456 F. Supp 2d. 69, 71 (D.D.C. 2006).

The Court of Appeals has instructed that a state-court litigant seeking documents from a federal agency "must request the documents from the federal agency pursuant to the agency's [Touhy] regulations . . . . If the agency refuses to produce the requested documents, the sole remedy for the state-court litigant is to file a collateral action in federal court under the APA " Houston Business Journal, 86 F.3d at 1212 (emphasis added). The APA, in turn, provides in pertinent part as follows:

> An action in a court of the United States seeking
> relief other than money damages and stating a claim
> that an agency or an officer or employee thereof acted
> or failed to act in an official capacity or under color
> of legal authority shall not be dismissed nor relief
> therein denied on the ground that it is against the
> United States or that the United States is an
> indispensable party.

5 U.S.C. § 702 (emphasis added). Thus, sovereign immunity for review of agency action has been waived only for cases brought

"in a court of the United States."  Again, this waiver of
sovereign immunity must be strictly construed, and so should not
be read to include the Superior Court.  Although the Superior
Court is a creation of federal law, it is both in name and
function a court "of the District of Columbia," not "of the
United States," and so must be treated as a state court in
removed actions.  See 28 U.S.C. § 1451(1) (defining "State court"
to include "the Superior Court of the District of Columbia");
compare 28 U.S.C. § 451 (defining "court of the United States"
under Title 28 to include judges who "hold office during good
behavior") with D.C. Code § 11-1502 (Superior Court judges serve
"for a term of fifteen years").  See also, Longtin, 2006 WL
2223999, *3 (Superior Court is not a "court of competent
jurisdiction" for purposes of 5 U.S.C. § 552a(b)(11)); Santini v.
Herman, 456 F. Supp 2d. 69,71 (D.D.C. 2006).

A state court's assertion of power to decide whether a
subpoena should be enforced is, effectively, an assertion of the
power of judicial review over a federal agency's decision
concerning the production of evidence.  That is, if the state
court determines that the subpoena should be enforced, it is
saying that the agency's decision not to comply with the subpoena
was erroneous.  Such an assertion of power "directly contravenes
5 U.S.C. § 702," and so violates the Supremacy Clause.  Boron Oil
v. Downie, 873 F.2d at 71; see U.S. Const. art. VI, cl. 2.

## II. CSOSA's Federal Defenses are Dispostive

### a. Sovereign Immunity Bars Enforcement of Subpoena

It is beyond argument that unless expressly waived, sovereign immunity exists as the rule, not the exception. <u>See United States v. Mitchell</u>, 445 U.S. 535, 538 (1980) (A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.') (citation omitted); <u>Larson v. Domestic & Foreign Commerce Corp.</u>, 337 U.S. 682, 688-89 (1948). Indeed, such a waiver must be "strictly construed, in terms of its scope, in favor of the sovereign." <u>Tri-State Hospital Supply Corp. v. United States</u>, 341 F.3d 571, 575 (D.C. Cir. 2003) (<u>citing Dep't of Army v. Blue Fox, Inc.</u>, 525 U.S. 255, 261 (1999)). Thus, although Mr. Edwards advocates a broad waiver applicable to all federal agencies, the more narrow (and proper) reading is that sovereign immunity has been waived only when a Superior Court criminal defendant seeks discovery from the government prosecutor, not for Superior Court subpoenas to federal agencies which have no role in the prosecution. Because Mr. Edwards has opted to seek the information only from a non-party agency, he must identify the specific waiver of sovereign immunity. A third party subpoena against a federal agency to obtain testimony and records is, by its very nature, an action against the United States. <u>Boron Oil Co. v. Downie</u>, 873 F.2d 67, 69 (4th Cir.

12

1989)("it is well established that an action seeking specific
relief against a federal official, acting within the scope of his
delegated authority, is an action against the United States,
subject to governmental privilege of immunity.").  As a result,
unless some waiver can be cited, state courts (and this Court
following removal of the subpoena matter)are without power to
compel the production of records or testimony from the federal
government. See Houston Business Journal v. OCC, 86 F.3d 1208,
1211 (D.C. Cir. 1996).

     The state-court defendant may only contest a federal
agency's decision under the Administrative Procedure Act ("APA").
The waiver of sovereign immunity that is posited for a separate
civil action would come from Section 702 of the APA, which
addresses jurisdiction only in a "court of the United States."
5 U.S.C. § 702; see Houston Business Journal v. OCC, 86 F.3d
1208, 1211-12 (D.C. Cir. 1996).[5]  28 U.S.C. § 1451 (defining
"State court" to include the Superior Court of the District of
Columbia).[6]

---

     [5]  Mr. Edwards suggests that the Supreme Court's decision in
United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951), is no
longer applicable in light of a legislative change effected in
1958.  As the Court of Appeals made clear in Houston Business
Journal, the Touhy case and the regulations that followed it,
remain a valid defense to State Court subpoenas.  See Houston
Business Journal, 86 F.3d at 1212-14.

     [6]  The Motion to Quash does not defend or address CSOSA's
decision regarding what it has deemed to be a Touhy request.
However, CSOSA explicitly reserves its defenses and the proper

Here, the federal government has not waived its sovereign immunity and the court should quash the Superior Court's subpoena upon CSOSA on the grounds of sovereign immunity.  See e.g. Houston Business Journal, 86 F.3d at 1212-14; State of Louisiana v. Sparks, 978 F.2d 226, 234-236 (5th Cir. 1992).

### b.    Circuit courts routinely quash state subpoenas upon federal agencies in criminal cases

In criminal cases, the federal courts routinely quash subpoenas for testimony or records from federal agencies and their employees where the defendants failed to follow Touhy regulations.  See, e.g., In re: Criminal Subpoena on FBI SA Ed Gray, 1998 WL 712663 (10th Cir. 1998) (quashing subpoena against FBI agent); Elko County Grand Jury v. Siminoe (In re Elko County Grand Jury), 109 F.3d 554, 557 n.1 (9th Cir.), cert. denied, 522 U.S. 1027 (1997) (holding that state court lacked jurisdiction to issue subpoena compelling Forest Service employee to appear before state grand jury); Edwards v. United States Dep't of Justice, 43 F.3d 312, 314, 315 (7th Cir.1994) (finding state court had no jurisdiction to compel discovery of FBI reports in state post conviction proceeding after DOJ had denied subpoenas) United States v. Wallace, 32 F.2d 921 (5th Cir. 1994)(quashing subpoena seeking testimony from DEA agents); State of Louisiana v. Sparks, 978 F.2d at 234-236 (5th Cir. 1992) ("Doctrine of

---

method to contest CSOSA's decision would be in a separate action brought in this Court under the APA.

sovereign immunity required that criminal defendant's subpoenas against federal probation officer be quashed"); <u>United States v. Marino</u>, 658 F.2d 1120, 1125 (6th Cir. 1981) (quashing subpoena seeking testimony from U.S. Marshals Service and FBI); <u>United States v. Allen</u>, 554 F.2d 398, 406 (10th Cir 1977) (finding trial court did not err in not enforcing subpoena for the testimony of the federal prosecutor), <u>cert. denied</u>, 434 U.S. 836 (1977).

Moreover, counsel for CSOSA is unaware of any case in which a federal court has held that a state court has the authority to order a federal agency to comply with a state court subpoena in either a civil or <u>criminal</u> case where the party seeking enforcement has failed to comply with an agency's <u>Touhy</u>[7] regulations.  <u>But</u> <u>Cf</u>. <u>Buford v. Georgia</u>, 158 Ga. App. 763 (1981).[8]

---

[7]  <u>See</u> <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951).

[8]Mr. Edwards cites the state court decision in <u>Buford</u> for the proposition that a state court can order a federal agency to produce information pursuant to a state court subpoena.  The court in <u>Buford</u>, however, did not address issues present in the instant matter, namely, whether a state court has jurisdiction to enforce a subpoena for information from the federal government. In <u>Buford</u>, the court appears to assume jurisdiction.
More importantly, to the extent that <u>Buford</u> can be read to stand for the general proposition that state court subpoenas are an effective means to acquire information from federal agencies regardless of compliance with <u>Touhy</u> regulations, CSOSA further submits that <u>Buford</u> was wrongly decided and at odds with the legal precedent of this Court. <u>See</u> <u>Santini v. Herman</u>, 456 F. Supp 2d. 69, 71 (D.D.C. 2006); <u>Houston Business Journal</u>, 86 F.3d 1208, 1211 (D.C. Cir. 1996).

c.    **Supremacy Clause**

Pursuant to the supremacy clause, the Superior Court would not be able to review CSOSA's final decision regarding the subpoena.  The review of federal agency action is specifically limited by Congress to an APA action in a "court of the United States." 5 U.S.C. § 702; Smith v. Cromer,159 F.3d 875, 879 (4th Cir. 1998) ("Based upon the Touhy doctrine and principles of sovereign immunity, we conclude that the state court had no authority to enforce the subpoenas, and the district court acquired none on removal.  Cromer's remedy, if any, for the Justice Department's actions in the instant case may be found in the Administrative Procedures Act.").  Mr. Edwards would have to bring a separate APA action in the District Court because, in this removed action, this Court's jurisdiction is derived from the Superior Court.  Therefore, the Court lacks jurisdiction to review CSOSA's decision in this action.  Houston Business Journal, 86 F.3d 1208, 1211 (D.C. Cir. 1996)(court on removal lacked jurisdiction to compel production of records from comptroller general when production was in violation of agency regulations); In re: Criminal Subpoena on FBI SA Ed Gray, 1998 WL 712663 at 1 ("The federal court's jurisdiction on removal is purely derivative and does not enlarge or contract the rights of the parties."); Santini v. Herman, 456 F. Supp 2d. 69, 71 (D.D.C.

16

2006); <u>Cromer</u>, 159 F.3d 875, 879.  Therefore, Supremacy Clause
considerations provide CSOSA with a further federal defense
against a subpoena issued by the Superior Court.


**III. <u>Defendant may not Raise Constitutional Claims in this
proceeding</u>**

Defendant's claim that his constitutional rights in the
criminal proceedings will be compromised if the subpoena is not
enforced are not ripe for adjudication because he has other
remedies available.  <u>In re: Criminal Subpoena on FBI SA Ed Gray</u>,
1998 WL 712663 at 1 (declining to address constitutional claims
because there were remedies available such as an action in the
federal court pursuant to the APA); <u>see also</u> <u>See</u> <u>Ruckelshaus v.
Monsanto Co., 467 U.S. 986, 1019-20 (1984)</u> (constitutional
challenge not ripe because remedy was available to redress
plaintiff's injury); <u>Petrini v. Howard</u>, 918 F.2d 1482, 1484 (10th
Cir.1990) (creation of federal <u>Bivens</u> remedy not warranted
because other remedies were available to plaintiff).  Those
remedies may include ameliorative action by the State Court, or
an action in federal court pursuant to the Administrative
Procedure Act.  <u>See</u> <u>Houston Bus. Journal, Inc. v. Office of
Comptroller of Currency</u>, 86 F.3d 1208, 1212 (D.C. Cir.1996); <u>Elko
County Grand Jury v. Siminoe</u> (<u>In re Elko County Grand Jury</u>), 109
F.3d 554, 557 n. 1 (9th Cir.), cert. denied, 522 U.S. 1027

17

(1997); <u>Edwards v. United States Dep't of Justice</u>, 43 F.3d 312,

314, 315 (7th Cir. 1994); <u>Ho v. United States</u>, 374 F. Supp.2d 82,

83 (D.D.C. 2005).

**CONCLUSION**

_____ Wherefore, the Court should order that the subpoena to CSOSA

be quashed.

Respectfully submitted,


_____
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney


_____
RUDOLPH  CONTRERAS, Bar # 434122
Assistant United States Attorney


_____
BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. B Civil Division
Washington, D.C.  20530
202) 514-7238 514-8780 (Facsimile)
Benton.Peterson@usdoj.gov

18

<u>CERTIFICATE OF SERVICE</u>

_____I HEREBY CERTIFY that the foregoing reply in support of

motion to quash was served by mail to

    Ed Ungvarsky
    Public Defender Service
    633 Indiana Ave., NW
    Washington, DC 20004
    KEasterly@PDSDC.ORG

on this July 30, 2007.


                            _____
                            BENTON G. PETERSON
                            ASSISTANT UNITED STATES ATTORNEY

_____

_____

2

*In Forma Pauperis*

# Superior Court of the District of Columbia

## CRIMINAL DIVISION

### SUBPOENA

*Duces Tecum*

UNITED STATES
DISTRICT OF COLUMBIA

vs.

~~Britton~~
~~Brennan~~ Carlton Edwards

Case No. 2006-CF1-001047

To: Custodian of Records, Court Services and Offender Supervision Agency, 633 Indiana Ave NW 12th Fl, Washington DC 20004

YOU ARE HEREBY COMMANDED:

To appear before the Criminal Division room/courtroom _____ of the Superior Court of the District of Columbia, 500 Indiana Avenue/Judiciary Center, 555 Fourth Street, N.W., Washington, D.C. on the _____ day of _____, 20___, at _____ a.m./p.m. as a witness for ___

Any and all documents pertaining to 1) whether Mr. ___ Sweat is under parole, supervised release or probation supervision; 2) the case(s) for which he is under supervision 3) date(s) of his ___ supervision; 5) the amount of street time he would lose if his supervision t ☐ and bring with you is revoked; 5) the names and phone numbers of his supervising officers; 6) the results of any positive drug tests from 4/21/2006 to date; 7) indicating that his conduct while under supervision was unsatisfactory in any way 8) letters or instructions to the Court or U.S. Attorney's Office suggesting a review or revocation of his supervision; (9); communications from the U.S. Attorney's Office from 4/2006 to date advising his supervising and do not depart from the Court without leave thereof.   authority that he was cooperating in the above matter or requesting favorable treatment by his supervisor

WITNESS, the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court this _____ day of _____, 20___.

Officer in Charge                                District

Ed Ungvarsky - P
Attorney for Government/Defendant

Clerk, Superior Court
of the District of Columbia

Phone No. (202) 409-2084/824-2301

Authorization as required by D.C. Code § 14-307 and *Brown v. U.S.*, 567 A. 2d 426 (D.C. 1989), is hereby given for issuance of subpoena for medical records.

July 10, 2007
Date                    Judge

___ IS REQUIRED ON OR BEFORE THIS DATE:

TRIAL
7/16/06
J Christian
Courtroom 3A
PDS 3 Dupes
Ungvarsky

Mr. Marion Sweat

POSDC
633 Indiana Ave
2nd Fl
WDC 20004

REMARKS," the above subpoena on the

erent than shown above)

ividuals, company, corporation, etc.,

of Service
7/10/07

tle of Server

*U.S. GPO: 2000-520-516/94582