## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In Re Subpoena in            :
                                          :

**UNITED STATES OF AMERICA**    :
                                          :

           **v.**                      :       **Misc. No. 07-mc-291 (RJL)**
                                          :

**CARLTON EDWARDS**           :
                                          :

## CARLTON EDWARDS' MOTION TO DISMISS
## MOTION TO QUASH D.C. SUPERIOR COURT SUBPOENA
## AND REPLY IN SUPPORT OF CROSS-MOTION FOR REMAND

Carlton Edwards, through counsel, respectfully moves to dismiss the motion to quash a subpoena filed by the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA). The subpoena was signed by a D.C. Superior Court judge in connection with a pending criminal case. CSOSA made the curious assertion, however, that because it is a federal agency, the D.C. Superior Court did not have jurisdiction over it to enforce a subpoena, even though CSOSA agents appear in Superior Court on a daily basis and accede to the authority of the Superior Court in other contexts. Accordingly, CSOSA filed in this Court a notice of removal and a motion to quash. However, CSOSA subsequently reversed course, submitted to the authority of the Superior Court in this case, and provided the Court with the information requested in the judge-signed subpoena. Mr. Edwards was then acquitted at trial. As a result, at this point, nothing remains for this Court to adjudicate and CSOSA's motion to quash should be dismissed.

Notwithstanding its submission to the Superior Court's jurisdiction, CSOSA just yesterday (July 30, 2007) filed a Reply in Support of its Motion to Quash. In that pleading, CSOSA said nothing about the fact that it had acceded to the authority of the Superior Court by complying with an order to produce the same information sought-after by subpoena. CSOSA did note that Mr. Edwards had been acquitted, but asserted that this did not moot out its challenge to Mr. Edwards' now-expired subpoena because the legal "issues such as those presented by Superior Court subpoenas issued to federal court agencies are questions 'capable of repetition yet evading review.'" Reply at 2 n.2. But CSOSA cannot carry its heavy burden to evade the bar of mootness based on this over-general representation; rather, CSOSA must demonstrate that the "*same parties* will engage in litigation over the *same issues* in the future." *Pharmachemie B.V. v. Barr Laboratories, Inc.*, 276 F.3d 627, 633 (D.C. Cir. 2002) (emphasis added).

Accordingly, whether other federal agencies might seek to quash future Superior Court subpoenas on the same questionable grounds that CSOSA raised in this case is not the inquiry and, in any event, entirely speculative. Likewise, CSOSA's focus on potential future litigation of this issue by Mr. Edwards' counsel, the Public Defender Service for the District of Columbia (PDS), on behalf of other clients, is misplaced. It is Mr. Edwards, and not PDS, who is the party to this action, and it is most unlikely that he will seek once again to seek a Superior Court subpoena against CSOSA -- which he sought for the discrete purpose of impeaching the government's key witness against him in his Superior Court criminal proceedings -- now that he has been acquitted of those charges. Moreover, it is not reasonably foreseeable that CSOSA would try to litigate this same issue in some hypothetical future litigation where it has already conceded that it is

2

subject to the power of the Superior Court by acceding to a Superior Court order in this

case. Lastly and relatedly, given that CSOSA did submit to the jurisdiction of the

Superior Court in this case, it has waived its opportunity to remove this issue to federal

court in an attempt to relitigate it.


## STATEMENT OF FACTS

As noted in Mr. Edwards' previously filed Memorandum of Law In Opposition to

CSOSA's Motion to Quash and in Support of a Cross-Motion for Remand (hereinafter

"Opposition"), Mr. Edwards' counsel served a subpoena on CSOSA signed by a D.C.

Superior Court Judge, the Honorable Eric Christian, on July 10, 2007. On July 13, 2007,

CSOSA filed a notice of removal. On July 16, 2007, CSOSA filed a motion to quash the

subpoena. Mr. Edwards, through counsel, filed his Opposition to the Motion to Quash

and Cross-Motion for Remand with this Court on Friday, July 20, 2007.

At the same time, Mr. Edwards' counsel continued to explore alternative means of

obtaining the information sought in the subpoena signed by Judge Christian in order to

avoid unnecessary federal court litigation. In the course of these efforts and

contemporaneous with the filing of Mr. Edwards' Opposition to CSOSA's Motion to

Quash with this Court, an Assistant United States Attorney in the civil branch informed

trial counsel that he could obtain the same information he sought pursuant to subpoena by

requesting that Judge Christian (1) direct CSOSA to file a report pursuant to D.C. Code §

24-133(c)(3) containing this information and (2) then disclose this information to Mr.

Edwards. *See* Ex. 1 (Motion for Court to Order CSOSA to Produce Records of

Government Witness Marion Sweat to the Court for In Camera Review and for the Court

3

to Disclose to the Defense Those Records That Are Relevant to the Credibility of Mr.

Sweat, filed July 20, 2007) at 2. This solution appeared to be a retreat from CSOSA's

arguments before this Court that it is not subject to the authority of the Superior Court.

Acting on the solution proposed by the AUSA, on the afternoon of July 20, 2007,

trial counsel filed a motion requesting that CSOSA file a report with Judge Christian

pursuant to D.C. Code § 24-133 containing all the information Mr. Edwards sought in his

subpoena. *See* Ex. 1. On Monday, July 23, 2007, Judge Christian granted Mr. Edwards'

§ 24-133 motion, and ordered CSOSA to provide to the Court the precise information

that Mr. Edwards had sought from CSOSA by subpoena. *See* Ex. 2 (Superior Court

Order). CSOSA acceded to the power of the Superior Court and complied with Judge

Christian's order.

Mr. Edwards' trial proceeded, and he was subsequently acquitted of all charges.


## ARGUMENT

At this juncture, dismissal of CSOSA's motion to quash is warranted because

there is nothing for this Court to adjudicate. Federal courts are limited to deciding

"actual, ongoing controversies," and "[e]ven where the litigation poses a live controversy

when filed . . . . [a] federal court [must] refrain from deciding it if events have so

transpired that the decision will neither presently affect the parties' rights nor have a

more-than-speculative chance of affecting them in the future." *Honig v. Doe*, 484 U.S.

305, 317 (1988); *Bouguettaya v. Chertoff*, 472 F.Supp.2d 1 (D.D.C. 2007) (Leon, J.)

(same). Here there is no "actual, ongoing controversy," not only because the Superior

Court case concluded with Mr. Edwards' acquittal, thus conclusively negating any need

4

by Mr. Edwards for the records sought-after in the now-expired subpoena, but also because CSOSA effectively acceded to the power of the Superior Court, complying with a Superior Court order to produced the subpoenaed information. CSOSA's actions are fundamentally inconsistent and a marked retreat from its earlier position in this Court – namely that the Superior Court judge had no power or authority over the agency, and thus no power to order it to produce the subpoenaed information.

CSOSA seeks to keep its challenge to Mr. Edwards' subpoena alive by asserting that the legal "issues such as those presented by Superior Court subpoenas issued to federal court agencies are questions 'capable of repetition yet evading review.'" Reply at 2 n.2. But CSOSA has failed to carry its burden to demonstrate that this case presents an "exceptional situation[]" where the capable-of-repetition doctrine appropriately applies. *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983); *Pharmachemie B.V.*, 276 F.3d at 633 (party seeking to invoke exception to mootness doctrine bears burden of proof); *Video Tutorial Services, Inc. v. MCI Telecommunications Corp.*, 79 F.3d 3, 6 (2d Cir. 1996) (same); *see also Cruz v. Farquharson*, 252 F.3d 530, 534 (1st Cir. 2001) (the capable-of-repetition exception "is not a juju, capable of dispelling mootness by mere invocation.").

Specifically, CSOSA cannot show, as it must, that continued litigation in the absence of redressable harm is warranted because the "*same parties* will engage in litigation over the same issues in the future." *Pharmachemie*, 276 F.3d at 633 (emphasis added) (citing inter alia *Norman v. Reed*, 502 U.S. 279, 288 (1992); *Burlington N. R.R. Co. v. Bhd. of Maint. of Way Employees*, 481 U.S. 429, 436, n. 4 (1987)); *see also Cruz*, 252 F.3d at 534; *Video Tutorial Services, Inc. v. MCI Telecommunications Corp.*, 79 F.3d

5

3, 6 (2d Cir. 1996). Notably, CSOSA does not even make the attempt. Rather, CSOSA

suggests that other "federal agencies" might raise the similar questionable challenges to

Superior Court subpoenas that CSOSA has in this case. This is wholly speculative, but,

in any event, would present distinct legal issues from the instant litigation, since Mr.

Edwards' arguments in opposition to CSOSA's motion to quash and in support of the

Superior Court's authority to order CSOSA to produce documents rested in part on

CSOSA's statutorily-defined mission to serve the Superior Court and provide it with

information.

     CSOSA also curiously asserts that "the relief sought by the Public Defender

Service would only be moot if the Public Defender Service, which represents Mr.

Edwards, confirms that it will discontinue its attempts to use Superior Court subpoenas"

to obtain access to information for its clients. Reply at 2 n.2. But it is not PDS who is a

party in the instant action. PDS simply represents Mr. Edwards in this matter, and seeks

relief on his behalf. The fact that a law firm may in the future raise a particular issue on

behalf of another client if it is in the client's interest to do so is not a factor in the

mootness calculus.

     Turning the analysis to its appropriate focus -- Mr. Edwards -- CSOSA must

establish that it has a "reasonable expectation" that this issue will arise again with him as

the opposing party. *Pharmachemie*, 276 F.3d at 633. But CSOSA can make no showing

that Mr. Edwards is a "frequent rival litigant." *Id.* And any assertion that Mr. Edwards is

likely once again to run afoul of the law, face criminal charges in D.C. Superior Court,

require records from CSOSA in order to present a defense, and then seek a judge-signed

subpoena to obtain those records, is beyond speculative. *Video Tutorial Services*, 79 F.3d

at 6 (a party cannot show requisite "reasonable expectation or demonstrated probability

of recurrence" by "suppos[ing] that lightening may strike twice" in the same place)

(internal quotations and citations omitted). In short, CSOSA's apparent abiding interest

in this issue notwithstanding, the mere existence of "a case or controversy with only one

interested party," precludes a determination that "the instant litigation is not moot." *Id.* at

632; *see also Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (rejecting parole board

assertion that the capable-of-repetition exception to the mootness doctrine applied:

"While petitioners will continue to administer the North Carolina parole system with

respect to those at any given moment are subject to their jurisdiction, there is no

demonstrated probability that respondent will again be among that number.") (cited by

CSOSA, Reply at 2 n.2).[1]

   Even if there were some means (and there are none) for CSOSA to evade the

same party requirement of the capable-of-repetition exception, CSOSA would still face

difficulty in demonstrating that the issue it seeks to litigate -- *i.e.*, the purported

impotence of Superior Court judges to order CSOSA to produce information -- is *actually*

capable of repetition. CSOSA has conceded this issue; it acceded to the jurisdiction of

the Superior Court in this case. It would be surprising for CSOSA now to reverse course

and revive its manifestly erroneous jurisdictional challenge to Superior Court authority in

some hypothetical future case against an as-yet-unknown litigant. But even if it wanted

to, it would be bound by its admissions in this case. *See* Fed R. Evid 801(d)(2)(B);

---

[1] As noted by the Supreme Court in *Weinstein*, to which CSOSA cites, Reply 2 at n.2, the "same party" requirement may be satisfied where one party is a certified class, but this has no application here, where Mr. Edwards is not a class representative and sought only to obtain information from CSOSA for his own personal benefit in D.C. Superior Court.

*United States v. Harris*, 834 A.2d 106, 119 (D.C. 2003) (The party admission rule is "particularly" applicable to statements by government attorneys, who have the power to bind the government). Simply stated, CSOSA cannot use the capable-of-repetition doctrine to get two bites at the apple on this issue. Having abandoned its challenge to the Superior Court's power to order it to produce information and acceded to the power of the Superior Court, CSOSA cannot try to keep its now-moot federal court litigation alive to evade the consequences of its actions in Superior Court.

Lastly, mootness aside, by submitting to the jurisdiction of the Superior Court, CSOSA clearly waived its right to remove this case to a federal forum. Even a valid right to remove (which Mr. Edwards does not concede in this case) can be waived if the party who seeks removal has litigated the issue in state court, and such action warrants remand under 28 U.S.C. § 1447(c) (encompassing remands based on "any defect" in removal or the lack of subject matter jurisdiction). *See Yusefzadeh v. Nelson Mullins Riley & Scarborough*, 365 F.3d 1244, 1246 (11th Cir. 2004) (remand authorized by 28 U.S.C. § 1447(c) based on defect in removal; "One such defect, commonly referred to as litigating on the merits, effectively waives the defendant's right to remove a state court action to the federal court."); *In re Weaver*, 610 F.2d 335, 337 (5th Cir. 1980) (district court "concluded that removal, if it had been proper at all, was no longer available after petitioners had sought the dissolution of the injunction in state court . . . [and] even though the specific language of s 1447(c) was not used . . . [s]uch a holding is within the guidelines of § 1447(c)"); *Acosta v. Direct Merchants Bank*, 207 F. Supp. 2d 1129, 1133 (S.D. Cal. 2002) (remand for waiver based on conduct in state court was "pursuant to 28 U.S.C. § 1447(c)"); *Paris v. Affleck*, 431 F. Supp. 878, 880-81 (D.C. Fla. 1977) (removal

was improper under language of 28 U.S.C. § 1447(c) when right to remove had been waived via conduct in state court).

As the Supreme Court observed in *Rosenthal v. Coates*, 148 U.S. 142, 147 (1893) "the removal acts . . . do not contemplate that a party may experiment on his case in the state court, and, upon an adverse decision, then transfer it to the federal court." *See also Queen v. Dobson Power Constr. Co.*, 414 F. Supp. 2d 676, 678 (E.D. Ky.2006) ("arguing and losing an issue in state court" is dispositive of waiver); *Jacko v. Thorn Americas, Inc.* 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000) (remand required if "removal can be characterized as an appeal from an adverse judgment of the state court"). Thus even if this Court were to deny the instant motion to dismiss, based on the new facts before the Court -- namely CSOSA's decision to propose in D.C. Superior Court that an alternative vehicle, D.C. Code § 24-133, be used to request the sought-after information and its decision then to accede to a Superior Court order under that statute to produce that information -- it would still have to grant Mr. Edwards' outstanding cross-motion for remand to D.C. Superior Court.[2]

WHEREFORE, for the foregoing reasons and any other reasons that appear to the Court, Mr. Edwards respectfully requests that this Court dismiss CSOSA's motion to quash and any other relief as the Court deems appropriate.

---

[2] Such a remand order is unreviewable on appeal or rehearing. *See* 28 U.S.C. § 1447(d) "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."); *Seedman v. U.S. Dist. Court for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) (per curiam) ("This language has been universally construed to preclude not only appellate review but also reconsideration by the district court.")

July 31, 2007                              Respectfully submitted,

*Catharine F. Easterly*

Timothy O'Toole D.C. Bar #
Catharine F. Easterly D.C. Bar # 484537
Special Litigation Division
Public Defender Service
633 Indiana Ave, NW
Washington D.C. 20004
(202) 628-1200

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re Subpoena in | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Misc. No. 07-mc-291 (RJL) |
| | : | |
| **CARLTON EDWARDS** | : | |
| _____ | : | |

EXHIBITS TO
CARLTON EDWARDS' MOTION TO DISMISS
MOTION TO QUASH D.C. SUPERIOR COURT SUBPOENA
AND REPLY IN SUPPORT OF CROSS-MOTION FOR REMAND

**EXHIBIT 1**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION – FELONY BRANCH

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | **Case No. 2006-CF1-001047** |
| v. | : | **Judge Christian** |
| | : | **Trial Date: July 23, 2007** |
| CARLTON EDWARDS | : | |

## MOTION FOR COURT TO ORDER CSOSA TO PRODUCE RECORDS OF GOVERNMENT WITNESS MARION SWEAT TO THE COURT FOR IN CAMERA REVIEW AND FOR THE COURT TO DISCLOSE TO THE DEFENSE THOSE RECORDS THAT ARE RELEVANT TO THE CREDIBILITY OF MR. SWEAT

Mr. Edwards, through his attorneys, subpoenaed the supervised release records of government witness Mr. Marion Sweat. The Court Services and Offender Supervision Agency (CSOSA) declined to comply with the Court-issued subpoena and instead moved to litigate the matter in federal court. While the matter is pending in federal court, Mr. Edwards asks that the court use its power under D.C. CODE § 24-133(c)(3) (2006), a Code provision counsel had previously been unaware of but which the civil AUSA representing CSOSA pointed defense counsel to at the hearing today, to request copies of Mr. Sweat's probation records. Mr. Edwards asks the Court to review those records in camera and to provide to the defense those records that are relevant to the credibility of Mr. Sweat. This alternative measure is necessary as the trial is scheduled to begin on July 23, 2007, well before the issues are expected to be resolved in the District Court for the District of Columbia. This Motion is made pursuant to the Fifth and Sixth Amendments.

## Factual Background

Mr. Sweat is a key witness in the United States' case against Mr. Edwards. He was

1

incarcerated at the time he began cooperating with the government and has since been released. He has since been on supervised release and investigation has revealed that Mr. Sweat is likely performing poorly while on probation. As a result of his supervision status, he is likely to have a substantial motive to curry favor with the government thus preventing a return to incarceration.

This Court granted Mr. Edwards' request for a *subpoena duces tecum* to compel CSOSA to provide Mr. Sweat's records on July 10, 2007, signing a subpoena on that date.[1] However, CSOSA refused to comply with the Court's Order, which was served that same day, and on July 13, 2007, CSOSA moved to litigate the matter in federal district court. CSOSA also moved to quash the subpoena on July 16, 2007, and Mr. Edwards filed an opposition on July 20, 2007.

While Mr. Edwards continues to litigate this matter in federal district court on an emergency basis as directed by this Court, his criminal matter is proceeding. On July 23, 2007 the jury is scheduled to be sworn in and testimony will be heard. As stated in the defendant's motion of July 19, 2007,[2] Mr. Edwards cannot effectively cross examine Mr. Sweat without reviewing the supervision records to determine the extent of his motive to curry favor with the government. Therefore, he cannot wait for the resolution of the issue in district court.

Nor, as it turns out, is it necessary. The Assistant U.S. Attorney advised the defense today to look at D.C. Code section 24-133 as an alternative means to obtain the records. Simply put, the United States informed the defense that while CSOSA does not believe it need respond to a subpoena signed by a Superior Court judge, CSOSA is amenable to providing the exact same records to the Superior Court judge pursuant to the statute and that CSOSA believes that the Superior Court judge can disseminate the records as it deems appropriate, including to

---

[1] The government refused to ask CSOSA for such records, pursuant to a Brady request.
[2] Motion for order requiring prosecution to review CSOSA records of government witness Marion Sweat and to produce probation records of Mr. Sweat that demonstrate his current probation status.

defense counsel.

## **Relief Requested**

The defense therefore requests that the Court use its power under D.C. CODE § 24-133(c) (2006) to demand a copy of the records from CSOSA. The Court may then examine the records in camera and allow the parties to view the records. The statute authorizing CSOSA provides that "The Agency shall carry out the conditions of release imposed by the Superior Court …and shall make such reports to the Superior Court with respect to an individual on [supervised release,] probation[, or parole] as the superior court may require." (subsections 2, 3, and 4 concern individuals on supervised release, probation, and parole respectively). Under this statute, the Court clearly has the right to require a report on Mr. Sweat from CSOSA and should do so given the circumstances in this case.

Mr. Edwards requests that the Court require CSOSA to provide to the Court all documents pertaining to:

(1) whether Mr. Sweat is under parole, supervised, release or probation supervision at this time;

(2) the case(s) for which he is under supervision;

(3) the date(s) of his supervision;

(4) the amount of street time he would lose if his supervision is revoked;

(5) the names and contact numbers of his supervising officers;

(6) the results of any positive drug tests from 4/21/2006 to date;

(7) any records indicating that his conduct while under supervision has been unsatisfactory in any way;

(8) letters of application to the Court or USAO from CSOSA or other authority suggesting a

3

review or revocation of his supervision;

(9) communications from USAO from 4/2006 to date to CSOSA advising his supervising authority that he was cooperating in this case or requesting any favorable treatment of his supervision.

### Conclusion

Production of Mr. Sweat's probation records is essential to the preservation of Mr. Edwards' rights to due process, compulsory process, and confrontation. This Court, aware of the efforts that the defense has made to procure the records though normal processes, should now invoke its power to directly gain access to the records. Once the Court has received and reviewed the records, the defense asks that the Court disclose the relevant records to the defense in advance of Mr. Sweat's testimony for investigation and trial preparation.

Dated:  July 20, 2007

Respectfully Submitted,

Edward Ungvarsky, Bar No. 459034

James Whitehead, Bar No. 489983
Public Defender Service
633 Indiana Avenue, N.W.
Washington, DC 20004
(202) 628-1200

Counsel for Carlton Edwards

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Court to Order CSOSA to Produce Records of Government Witness Marion Sweat to the Court for In Camera Review and for the Court to Disclose to the Defense those Records that are Relevant to the Credibility of Mr. Sweat was emailed to the United States Attorney's Office, Attention: Assistant United States Attorney Jonathan Haray, Esq., Homicide Unit, 555 4th Street N.W., Washington, DC 20530, on this 20th Day of July, 2007.

Edward J. Ungvarsky

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CRIMINAL DIVISION – FELONY BRANCH

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | **Case No. 2006-CF1-001047** |
| v. | : | **Judge Christian** |
| | : | **Date: July 20, 2007** |
| **CARLTON EDWARDS** | : | |
| | : | |

### ORDER

Upon consideration of the Defendant's Motion for Court to Order CSOSA to Produce Records of Government Witness Marion Sweat to the Court for In Camera Review and for the Court to Disclose to the Defense those Records that are Relevant to the Credibility of Mr. Sweat, it is hereby

**ORDERED** that the Defendant's Motion is **GRANTED**; and

**FURTHER ORDERED** that the Court Services and Offender Supervision Agency (CSOSA) and the United States Parole Commission (USPC) provide the following information to the Court for *in camera* review:

(1) whether Mr. Sweat is under parole, supervised, release or probation supervision at this time;

(2) the case(s) for which he is under supervision;

(3) the date(s) of his supervision;

(4) the amount of street time he would lose if his supervision is revoked;

(5) the names and contact numbers of his supervising officers;

(6) the results of any positive drug tests from 4/21/2006 to date;

(7) any records indicating that his conduct while under supervision has been unsatisfactory in any way;

(8) letters of application to the Court or USAO from CSOSA or other authority suggesting a review or revocation of his supervision;

(9) communications from USAO from 4/2006 to date to CSOSA advising his supervising authority that he was cooperating in this case or requesting any favorable treatment of his supervision.

**FURTHER ORDERED** that CSOSA is to provide this information on or before July 23, 2007.

_____

Hon. Erik Christian
Associate Judge, D.C. Superior Court

Copies to:
Court Jacket
Chambers

Office of the General Counsel
Court Services and Offender Supervision Agency
Room 1253
633 Indiana Avenue, N.W.
Washington, D.C. 20004

Jonathan Haray, Esq.
Assistant United States Attorney
Office of the United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530

Edward Ungvarsky, Esq.
James Whitehead, Esq.
Counsel for Mr. Edwards
Public Defender Service
For the District of Columbia
633 Indiana Avenue, N.W.
Washington, D.C. 20004

**EXHIBIT 2**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION – FELONY BRANCH

UNITED STATES     :

          :   **Case No. 2006-CF1-001047**

    v.     :   **Judge Christian**

          :   **Date: July 20, 2007**

**CARLTON EDWARDS**   :

### ORDER

 Upon consideration of the Defendant's Motion for Court to Order CSOSA to Produce Records of Government Witness Marion Sweat to the Court for In Camera Review and for the Court to Disclose to the Defense those Records that are Relevant to the Credibility of Mr. Sweat, it is hereby

 **ORDERED** that the Defendant's Motion is **GRANTED**; and

 **FURTHER ORDERED** that the Court Services and Offender Supervision Agency (CSOSA) and the United States Parole Commission (USPC) provide the following information to the Court for *in camera* review:

(1) whether Mr. Sweat is under parole, supervised, release or probation supervision at this time;

(2) the case(s) for which he is under supervision;

(3) the date(s) of his supervision;

(4) the amount of street time he would lose if his supervision is revoked;

(5) the names and contact numbers of his supervising officers;

(6) the results of any positive drug tests from 4/21/2006 to date;

(7) any records indicating that his conduct while under supervision has been unsatisfactory in any way;

(8) letters of application to the Court or USAO from CSOSA or other authority suggesting a review or revocation of his supervision;

(9) communications from USAO from 4/2006 to date to CSOSA advising his supervising authority that he was cooperating in this case or requesting any favorable treatment of his supervision.

 **FURTHER ORDERED** that CSOSA is to provide this information on or before July 23, 2007.

             _Erik P. Christ_

             Hon. Erik Christian

             Associate Judge, D.C. Superior Court

6

Copies to:
Court Jacket
Chambers

Office of the General Counsel
Court Services and Offender Supervision Agency
Room 1253
633 Indiana Avenue, N.W.
Washington, D.C. 20004

Jonathan Haray, Esq.
Assistant United States Attorney
Office of the United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530

Edward Ungvarsky, Esq.
James Whitehead, Esq.
Counsel for Mr. Edwards
Public Defender Service
For the District of Columbia
633 Indiana Avenue, N.W.
Washington, D.C. 20004