UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re Subpoena in | ) ) ) | |
| UNITED STATES OF AMERICA | ) ) | |
| v. | ) ) | Miscellaneous 07-0291 (RJL) |
| CARLTON EDWARDS | ) ) ) | |

**OPPOSITION TO MOTION TO DISMISS**

The Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA"), by its undersigned attorneys and pursuant to LCvR 7(b), hereby opposes the motion to dismiss [R. 5] filed by Carlton Edwards in the above-captioned miscellaneous case.

**Preliminary Statement**

CSOSA is the recipient of the Superior Court subpoena at issue in this case, and removed the subpoena-related proceedings to this Court on July 13, 2007. On July 16, 2007, CSOSA filed a motion to quash that subpoena in this Court. CSOSA contends that Superior Court subpoenas may not be enforced against it because the doctrine of sovereign immunity and the Supremacy Clause of the United States Constitution protect federal agencies -- such as CSOSA -- against State court subpoenas, and because 28 U.S.C. § 1451 mandates that the Superior Court of the District of Columbia be deemed a "State court" for purposes of a case -- such as this one -- which has been brought pursuant

to the removal statutes in Chapter 89 of United States Code Title 28, 28 U.S.C. §§ 1441 *et seq*. Briefing on CSOSA's motion to quash has been completed and that motion is now ripe for resolution by the Court.

Mr. Edwards, the defendant in the Superior Court criminal prosecution that gave rise to the subpoena dispute, through his counsel the District of Columbia Public Defender Service ("PDS"), has moved to dismiss CSOSA's motion to quash.[1] Mr. Edwards's primary argument is that this case is moot because the documents requested by the subpoena were provided to Mr. Edwards's defense counsel by the Superior Court judge after the judge obtained them from CSOSA pursuant to Section 11233(c)(3) of Pub. L. 105-33, which is codified, as amended, at D.C. Code § 24-133(c)(3) ("Section 24-133(c)(3)"), and because Mr. Edwards's criminal trial in Superior Court has been completed and he has been acquitted. Alternatively, Mr. Edwards argues that CSOSA has waived its opportunity to litigate its motion to quash in this Court by complying with the order issued by the Superior Court judge under Section 24-133(c)(3). *See Carlton Edwards' Motion to Dismiss Motion to Quash D.C. Superior Court Subpoena and Reply in Support of Cross-Motion for Remand* (hereafter cited as "Mot.").

Mr. Edwards's arguments lack merit. The sovereign immunity and Supremacy Clause issues presented by CSOSA's motion to quash remain viable under the "capable of

---

[1] There is, of course, no Federal Rule of Civil Procedure and no Local Civil Rule that permits the filing of a motion to dismiss another motion. Consequently, CSOSA interprets Mr. Edwards's pending motion as a motion to dismiss this case.

repetition, yet evading review" branch of the law of mootness. And, CSOSA has not waived its right to litigate those issues in this Court.

## Argument

### 1. The Issues Presented by CSOSA's Motion to Quash are "Capable of Repetition, Yet Evading Review."

CSOSA does not dispute that any issues about disclosure of the specific records requested by the Superior Court subpoena that sparked this case have been rendered academic because Mr. Edwards's counsel was apparently able to obtain those records by alternative means and because Mr. Edwards was acquitted of the criminal charges that were brought against him in Superior Court. Nevertheless, as noted in CSOSA's reply in support of its motion to quash, this case remains a live controversy because the sovereign immunity and Supremacy Clause issues presented by the subpoena dispute are "capable of repetition, yet evading review." *See Weinstein v. Bradford*, 423 U.S. 147, 148-49 (1975).

Except in class actions, the "capable of repetition, yet evading review" doctrine is applicable only if "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* at 149; *accord, e.g., Murphy v. Hunt*, 455 U.S. 478, 482 (1982); *Pharmachemie B.V. v. Barr Laboratories, Inc.*, 276 F.3d 627, 632-33 (D.C. Cir. 2002). Both elements of this test are satisfied here.

### A.   The Duration of Trial Subpoena Disputes are Too Short to be Fully Litigated Prior to Their Cessation.

Mr. Edwards has not argued that this case fails to satisfy the "duration" or "evading review" requirement, and could not plausibly do so in light of well-established case law. In particular, both the Supreme Court and the Court of Appeals for this Circuit have held that disputes whose normally expected life span is two years or less will ordinarily evade review. *See Public Utilities Comm'n v. FERC*, 236 F.3d 708, 714 (D.C. Cir. 2001) (citing authorities). Moreover, the Court of Appeals has expressly noted that "[t]he possibility of expedited review . . . does not figure in the 'evading review' calculus." *Doe v. Sullivan*, 938 F.2d 1370, 1376 n.9 (D.C. Cir. 1991).

The subpoena that gave rise to the instant case was issued during a criminal trial in Superior Court, and sought material that defense counsel believed might be used to impeach a prosecution witness. The duration of criminal trials in Superior Court is normally far less than two years and, after the trial is over, there is generally no need for defense counsel to continue seeking material to impeach prosecution witnesses, especially when, as here, the defendant is acquitted. It is highly unlikely, therefore, that the sovereign immunity and Supremacy Clause issues presented by CSOSA's motion to quash could ever be fully litigated and finally resolved prior to the conclusion of the criminal trial for which a trial subpoena is issued to CSOSA. Because there would ordinarily not be enough time to fully litigate those issues during the pendency of a

criminal trial, those issues are properly characterized as "evading review." The challenged activity (*i.e.*, the issuance of a trial subpoena to CSOSA in a criminal case) "is *by its very nature short in duration*, so that it could not, or probably would not be able to be adjudicated while fully live." *Pharmachemie B.V. v. Barr Laboratories, Inc.*, 276 F.3d at 633 (emphasis in original; internal quotation marks omitted).

      **B.    There is a Reasonable Expectation that CSOSA Will Be Subject to Future Trial Subpoenas from PDS.**

"For a controversy or wrong to be 'capable of repetition' there must be at least 'a reasonable expectation that the same complaining party would be subjected to the same action again.'" *People for the Ethical Treatment of Animals, Inc. v. Gittens*, 396 F.3d 416, 423 (D.C. Cir. 2005) (quoting *Weinstein v. Bradford*, 423 U.S. at 147); *see, e.g., Spirit of the Sage Council v. Norton*, 411 F.3d 225, 229-30 (D.C. Cir. 2005). Mr. Edwards contends that CSOSA cannot satisfy this requirement for two reasons, both of which are misplaced.

First, Mr. Edwards argues that this case does not qualify as "capable of repetition" because it is "beyond speculative" that Mr. Edwards will "once again run afoul of the law, face criminal charges in D.C. Superior Court, require records from CSOSA in order to present a defense, and then seek a judge-signed subpoena to obtain those records." *See* Mot. at p. 6. In this connection, Mr. Edwards relies on cases which state that the "capable of repetition" prong "requires that the same parties will engage in litigation over the same

issues in the future . . . in order to ensure the existence of an ongoing controversy." *Pharmachemie B.V. v. Barr Laboratories, Inc.*, 276 F.3d at 633 (citing authorities). *But see Cruz v. Farquharson*, 252 F.3d 530, 534 n.4 (1st Cir. 2001) (noting that "[a]rguably, some cases may have diluted [the 'same parties'] requirement," and citing *Roe v. Wade*, 410 U.S. 113, 125 (1973)).

Although Mr. Edwards may not be a "frequent rival litigant" against CSOSA with respect to subpoena matters, *see* Mot. at p. 6, the same is not true of PDS, which is representing Mr. Edwards in this case. Indeed, PDS has regularly and repeatedly attempted to use Superior Court subpoenas to circumvent CSOSA's *Touhy* regulations, 28 C.F.R. §§ 802.24 *et seq.*, and other federal restrictions on the disclosure of CSOSA records, and has indicated that it intends to continue those efforts in the future. *See* Mot. at p. 6. *See also Clarke v. United States*, 915 F.2d 699, 704 (D.C. Cir. 1990) (en banc) ("In estimating the likelihood of an event's occurring in the future, a natural starting point is how often it has occurred in the past."). Mr. Edwards contends that these facts are without significance, however, because "PDS simply represents Mr. Edwards in this matter . . . [and] [t]he fact that a law firm may in the future raise a particular issue on behalf of another client . . . is not a factor in the mootness calculus." *See* Mot. at p. 6.

Mr. Edwards's argument oversimplifies the role of PDS in this and similar cases. Contrary to Mr. Edwards's assertion, PDS is not a "law firm" as that term is commonly used and understood. Rather, PDS is a public agency, created and regulated by statute,

and funded with public funds.  *See* D.C. Code §§ 2-1601 *et seq*.  PDS's sole purpose is to operate as an institutional litigator in the District of Columbia courts, and PDS staff attorneys are expressly forbidden from engaging in the private practice of law and from receiving a fee for representing any person.  *See* D.C. Code §§ 2-1602, 2-1605(b).

Mr. Edwards's argument also embodies an overly restrictive application of the "capable of repetition" requirement.  The Court of Appeals has observed that the term "same action" for purposes of the "capable of repetition" analysis is generally interpreted "to refer to particular *agency* policies, regulations, guidelines, or recurrent identical *agency* actions."  *Public Utilities Comm'n v. FERC*, 236 F.3d at 715 (emphasis added).  In addition, the Court of Appeals has recognized "the flexible character of the Article III mootness doctrine developed in Supreme Court guidepost decisions," and has cautioned that the "reasonable expectation" criterion should be applied "without excessive stringency."  *Doe v. Sullivan*, 938 F.2d at 1379 (internal quotation marks omitted).

When the facts presented here are evaluated in light of the principles articulated by the Court of Appeals in *Public Utilities Comm'n v. FERC* and *Doe v. Sullivan*, it is apparent that this case is "capable of repetition."  PDS, in its capacity as a public agency and institutional litigator, has a well-established pattern and practice of seeking records from CSOSA using Superior Court subpoenas and, by taking such recurrent identical agency action, PDS has repeatedly compelled CSOSA to remove those subpoena matters to this Court.  Although the criminal defendants differ from case to case, the controversy

between CSOSA and PDS that lies at the core of such cases is exactly the same, exists independent from the identity of the particular PDS client in any given case, and is virtually certain to arise over and over again. Thus, there is unquestionably a "reasonable expectation" that CSOSA will in the future become involved in the same controversy that is presented by this case.

Mr. Edwards's second argument is that the issue CSOSA seeks to litigate in this case is not "*actually* capable of repetition" because "CSOSA has conceded this issue; it acceded to the jurisdiction of the Superior Court in this case." *See* Mot. at p. 7 (emphasis in original). This argument is flawed because Mr. Edwards has mischaracterized the issues presented by CSOSA's motion to quash. Contrary to Mr. Edwards's assertion, *see id.*, CSOSA has never argued that Superior Court judges are "impotent" to order CSOSA to produce information. Rather, CSOSA contends that Superior Court subpoenas are an inappropriate and impermissible means for litigants in the Superior Court to obtain records from federal agencies such as CSOSA.[2] The fact that CSOSA has provided records directly to a Superior Court judge in accordance with Section 24-133(c)(1) has

---

[2] Section 11233(a) of Pub. L. 105-33, the National Capital Revitalization and Self-Government Improvement Act of 1997, 111 Stat. 712, 748, established CSOSA, under a different name, as an agency "within the executive branch of the Federal Government." The agency was given its current name by Section 7(c)(1)(B) of the District of Columbia Courts and Justice Technical Corrections Act of 1998, Pub. L. 105-274, 112 Stat. 2419, 2426.

nothing whatsoever to do with a Superior Court litigant's ability to obtain those records by use of a Superior Court subpoena.

>Section 24-133(c)(3) provides as follows:

>*Supervision of probationers.* -- Subject to appropriations and program availability, [CSOSA] shall supervise all offenders placed on probation by the Superior Court of the District of Columbia.  [CSOSA] shall carry out the conditions of release imposed by the Superior Court (including conditions that probationers undergo training, education, therapy, counseling, drug testing, or drug treatment), and ***shall make such reports to the Superior Court with respect to an individual on probation as the Superior Court may require***.  (emphasis added)

Although this statute unquestionably gives Superior Court judges wide discretion to require CSOSA to make reports "to the Superior Court" about individuals on probation, it says nothing about subpoena practice.  Further, in marked contrast to a report to a Superior Court judge, a subpoena like the one at issue here purports to require the respondent to release records directly to a litigant or his counsel, not to the Superior Court.

>Nothing in Section 24-133(c)(3) makes CSOSA subject to Superior Court subpoenas or authorizes a Superior Court judge to direct CSOSA to release records to anyone outside the Superior Court.  Of course, after CSOSA makes a report to a Superior Court judge pursuant to Section 24-133(c)(3), the judge could choose to release those

materials to other parties, as apparently happened here. CSOSA, however, would play no role in and have no responsibility for any such further releases.[3]

Consequently, a Superior Court subpoena directing CSOSA to release records to a Superior Court litigant or his counsel is an entirely different type of process from a report to the Superior Court pursuant to Section 24-133(c)(3). CSOSA's recognition of the Superior Court's authority under the latter statute, therefore, is not at all "inconsistent," *see* Mot. at p. 5, with any of the arguments presented in CSOSA's motion to quash as to why federal agencies such as CSOSA are not subject to Superior Court subpoenas, and in no sense signals a "reversed course" or "retreat," *see id.*. at pp. 1, 4, 5, 7, from those arguments.

The Court of Appeals has explained that "[t]he 'wrong' that is, or is not, 'capable of repetition' must be defined in terms of the precise controversy it spawns," and must be expressed "in terms of the legal questions it presents for decision." *See People for the Ethical Treatment of Animals, Inc. v. Gittens*, 396 F.3d at 422-23. An examination of CSOSA's motion to quash will confirm that the "precise controversy" and the "legal questions" presented for decision therein do not involve -- as Mr. Edwards would have it -- broad contentions that CSOSA "is not subject to the authority of the Superior Court,"

---

[3] In using and disclosing the information contained in CSOSA's Section 24-133(c)(3) reports, Superior Court personnel will presumably be mindful of the protections afforded to such information by federal law, including the Privacy Act, 5 U.S.C. § 552a, and the additional, enhanced protections for substance abuse treatment records created by 42 U.S.C. § 290dd-2 and that statute's implementing regulations at 42 C.F.R. Part 2.

*see* Mot. at p.4, or that "the Superior Court judge had no power or authority over the agency" in every context, *see id.* at p. 5.

CSOSA's motion to quash in fact presents the much narrower question whether CSOSA, as a federal agency, must comply with a Superior Court subpoena directing the release of records to a litigant in a Superior Court case. That question would no longer be "*actually* capable of repetition," Mot. at p. 7, only if PDS would confirm that it has abandoned its misguided efforts to use Superior Court subpoenas to attempt to obtain records from CSOSA in favor of procedurally proper alternatives such as compliance with CSOSA's *Touhy* regulations and other applicable federal rules governing the disclosure of those records, or by requesting that the Superior Court release reports which have been provided to it by CSOSA pursuant to Section 24-133(c)(3). PDS, however, has been unwilling to take that step. Accordingly, because a continuing, ongoing controversy clearly exists between PDS and CSOSA about the appropriate use of Superior Court subpoenas, the issues presented by CSOSA's motion to quash are "capable of repetition." *See Pharmachemie B.V. v. Barr Laboratories*, 276 F.3d at 633.

### 2. CSOSA Has Not Waived Its Right To Litigate Its Motion to Quash in this Court.

Mr. Edwards also argues that CSOSA has waived its right to litigate its motion to quash in this Court based on "the new facts before the Court -- namely CSOSA's decision to propose in D.C. Superior Court that an alternative vehicle, D.C. Code § 24-133, be used to request the sought-after information and its decision to accede to a Superior Court

order under that statute to produce that information." *See* Mot. at p. 9. This argument is meritless.

Mr. Edwards's waiver argument is grounded on the principle that a litigant can waive its right to remove a case to federal court by litigating the merits of its claims in state court. *See* Mot. at pp. 8-9. CSOSA does not dispute this general principle; however, its application is properly reserved only for "extreme situations" where the conduct in question demonstrates a "clear and unequivocal" intent to remain in the state court. *Rothner v. City of Chicago*, 879 F.2d 1402, 1415-16 (7th Cir. 1989); *accord, e.g., Grubb v. Donegal Mutual Insurance Co.*, 935 F.2d 57, 58-59 (4th Cir. 1991); *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989) (quoting 1A Moore, Federal Practice, ¶ 0.157[9] at 153 (1987)). A "clear and unequivocal" intent to remain in state court requires, at a minimum, that a litigant undertake "substantial offensive or defensive actions in state court." *Cogdell v. Wyeth*, 366 F.3d 1245, 1249 (11th Cir. 2004); *see, e.g., Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246-47 (11th Cir. 2004); *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003); *Sayre Enterprises, Inc. v. Allstate Insurance Co.*, 448 F. Supp. 2d 733, 735-36 (W.D. Va. 2006).

Nothing that CSOSA has done in this case even remotely resembles litigating the merits of its motion to quash in the Superior Court. Mr. Edwards has not -- and cannot -- point to any oral or written presentation made by CSOSA to the Superior Court judge in which CSOSA sought to quash the subpoena at issue here. Mr. Edwards instead relies on

CSOSA's compliance with the order issued by the Superior Court judge pursuant to Section 24-133(c)(3), which, as shown above, has nothing at all to do with Superior Court subpoenas and does not affect CSOSA's arguments that such subpoenas cannot be enforced against federal agencies. Moreover, the motion in the Superior Court that invoked Section 24-133(c)(3) was filed by Mr. Edwards's PDS attorney, not by CSOSA, *see* Mot., Exhibit 1 [R. 5-2], and CSOSA took no formal position on that motion. In fact, as the motion itself shows, CSOSA's counsel -- in a spirit of cooperation -- merely alerted Mr. Edwards's PDS attorney to the existence and significance of Section 24-133(c)(3), "a Code provision [Mr. Edwards's] counsel had previously been unaware of." *See id.* at p. 1. Thus, it is apparent from the very material that Mr. Edwards has submitted in support of his motion to dismiss that CSOSA engaged in no litigation whatsoever in the Superior Court in this case, either with respect to the subpoena dispute or otherwise.

    It is also significant that the events on which Mr. Edwards relies to support his waiver argument all took place on or after July 20, 2007, *after* CSOSA elected to exercise its right to remove the subpoena dispute to this Court on July 13, 2007, and *after* CSOSA filed its motion to quash in this Court on July 16, 2007. Pursuant to 28 U.S.C. § 1446(d), once a removal has been effected, "the State court shall proceed no further unless and until the case is remanded." CSOSA could not, therefore, have litigated the merits of the subpoena dispute in the Superior Court after July 13, 2007, because the Superior Court was divested of jurisdiction over the dispute as of that date. For this reason, even if

-13-

CSOSA's counsel's gesture of good will to Mr. Edwards's PDS attorney might, by some stretch of the imagination, be termed "litigation on the merits," that would not be grounds to find that CSOSA had waived its right to litigate the previously-removed subpoena dispute in this Court. As the Fourth Circuit has aptly explained, "waiver by conduct does not exist when removal . . . precedes any state court action. . . . [The removing party] could not waive a right that it had already exercised." *Aqualon Co. v. MAC Equipment, Inc.*, 149 F.3d 262, 264 (4th Cir. 1998). Hence, CSOSA's post-removal conduct in Superior Court cannot affect CSOSA's right to litigate its motion to quash in this Court.

## Conclusion

Based on the foregoing and the entire record herein, CSOSA respectfully submits that Mr. Edwards's motion to dismiss should be denied. A proposed Order is submitted herewith.

Respectfully submitted,

JEFFREY A. TAYLOR
D.C. Bar No. 498610
United States Attorney


RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant United States Attorney

-14-

                    _____
DANIEL F. VAN HORN
D.C. Bar No. 924092
Assistant United States Attorney
BENTON G. PETERSON
Wisc. Bar No. 1029849
Assistant United States Attorney

Civil Division, Room E4905
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7238
benton.peterson@usdoj.gov

Counsel for CSOSA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re Subpoena in | ) ) ) | |
| UNITED STATES OF AMERICA | ) ) | |
| v. | ) ) | Miscellaneous 07-0291 (RJL) |
| CARLTON EDWARDS | ) ) ) | |

**ORDER**

UPON CONSIDERATION of the Motion to Dismiss [R. 5] filed on behalf of Carlton Edwards in the above-captioned miscellaneous case, the memoranda submitted in support thereof and in opposition thereto, applicable legal authorities, and the entire record herein, it is, on this _____ day of _____, 2007,

ORDERED, that the motion should be and hereby is DENIED.

_____
UNITED STATES DISTRICT JUDGE