UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Subpoena in | : |
| | : |
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Misc. No. 07-mc-291 (RJL) |
| | : |
| CARLTON EDWARDS | : |
| | : |

**CARLTON EDWARDS' REPLY
IN SUPPORT OF MOTION TO DISMISS**

Now that Mr. Edwards has been acquitted of all criminal charges in D.C. Superior Court, the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA") concedes, as it must, that the action it initiated to quash the judge-signed Superior Court subpoena issued in the criminal case against Mr. Edwards is "academic." Opposition at 3. Despite the absence of any live case or controversy, CSOSA maintains that the resources of the federal judiciary should be expended to issue an advisory opinion addressing whether CSOSA legitimately could have resisted Mr. Edwards' specific request for production of documents pursuant to a judge-signed Superior Court subpoena in this case. CSOSA invokes the narrow exception to the mootness doctrine for issues that are "capable of repetition yet evading review," but CSOSA's argument is premised on an incorrect construction of that exception. Under the proper legal standard, CSOSA fails to carry its burden to demonstrate why this case presents the "exceptional situation," *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983), where judicial review is warranted in the absence of a live controversy.

In particular, CSOSA dismisses the conceded and determinative fact that there is no ongoing dispute between the *parties*, Mr. Edwards and CSOSA, and misplaces its

focus on whether there is difference of opinion between CSOSA and Mr. Edwards' counsel. CSOSA also argues that just because this issue arose quickly in the course of a Superior Court trial that it will always evade review, disregarding the fact that there are a number of likely scenarios under which there would be ample time for CSOSA to litigate a subpoena challenge in other cases. Lastly, the fact that CSOSA has already properly acceded to the authority of the Superior Court and disclosed the sought-after documents pursuant to a Superior Court order makes this case a particularly inappropriate vehicle to address CSOSA's arguments. Not only will this Court be unable to resolve any issue between the parties in this case -- there being no issue left to resolve -- but also, because of its distinctive facts, this case is less likely to provide guidance in future cases where CSOSA seeks to defy a judge-signed Superior Court subpoena.

I.   **THE SAME PARTIES -- MR. EDWARDS AND CSOSA -- WILL NOT ENGAGE IN LITIGATION OVER THE SAME ISSUES IN THE FUTURE.**

As Mr. Edwards explained in his Motion to Dismiss at 5, the "capable of repetition" exception is strictly bounded and limited to situations where the party seeking to evade the mootness bar demonstrates that the issues presented, although presently theoretical, will inevitably be before the court again because the "*same parties* will engage in litigation over the same issues in the future." *Pharmachemie B.V. v. Barr Laboratories*, 276 F.3d 627, 633 (D.C. Cir. 2002) (emphasis added). Also in his initial motion, Mr. Edwards explained that, given his acquittal in Superior Court, it was highly unlikely that *he* would ever engage in a dispute with CSOSA again about the precise controversy in this case: namely, whether he could obtain by Superior-Court-signed subpoena CSOSA's records for Marion Sweat, the key witness against him in his Superior Court criminal case. Motion to Dismiss at 4-7. CSOSA explicitly concedes that

2

it is unlikely to face Mr. Edwards again as an adversary, but dismisses that determinative fact as if it were a mere technicality. Opposition at 6. Instead CSOSA asserts that, regardless of the identities of the *parties*, it is sufficient that, if CSOSA deems it necessary to challenge other judge-signed Superior Court subpoenas issued in other criminal cases where the defendant is also represented by the Public Defender Service for the District of Columbia (PDS), CSOSA will be litigating its subpoena challenge against the same *counsel*. *Id.*

CSOSA's Opposition to Mr. Edwards' Motion to Dismiss conspicuously fails to cite a single case that supports its novel argument that continuity of counsel, as opposed to continuity of the disputing parties, is sufficient to overcome the bar of mootness where there is no live case or controversy. CSOSA's reliance on *Public Utilities Comm'n v. FERC,* 236 F.3d 708 (D.C. Cir. 2001), and *Doe v. Sullivan*, 938 F.2d 1370 (D.C. Cir. 1991) is misplaced, *see* Opposition at 7; in both of those cases the "same *parties*" requirement *was* satisfied.[1] Nor do these cases, where individuals sought to challenge agency actions, provide "principles," *id.*, that support CSOSA's argument that the

---

[1] In *Public Utilities Comm'n*, where a group of utilities sought to challenge FERC's approval of a now-expired two-year contract, the court ruled that the case was moot even though the same parties were likely to litigate against each other in the future about FERC's method of analyzing contracts, because the controversy would relate to a different contract and thus would be factually distinct. 236 F.3d at 715. And in *Doe*, the court held that the same soldier-plaintiff was likely to face harm again by an expired regulation that suspended informed consent of drug trials on military personnel, because he was still in the service. 938 F.3d at 1378-79. Notably, in making this determination, the court in *Doe* expressly distinguished truly moot cases where, as here, "one must posit a misdeed to forecast recurrence" of a dispute between the parties. *Id*. at 1379 n. 13. As explained in Mr. Edwards' Motion to Dismiss at 6, in order for CSOSA to overcome the mootness bar in this case, the Court would have to speculate that Mr. Edwards will once again to run afoul of the law, face criminal charges in D.C. Superior Court, require records from CSOSA in order to present a defense, and then seek a judge-signed subpoena to obtain those records.

3

"capable of repetition" exception applies here. CSOSA's arguments notwithstanding, PDS is not acting as an agency in Mr. Edwards' case.

In order to substitute PDS counsel for Mr. Edwards as CSOSA's actual adversary, CSOSA attempts to recast Mr. Edwards' PDS counsel as "agency" or "institutional" actors. Specifically, CSOSA asserts that PDS is a "public agency" whose "*sole* purpose is to operate as an institutional litigator in the District of Columbia Courts," Opposition at 7 (emphasis added), and suggests that it is PDS' uniform policy to obtain judge-signed subpoenas in Superior Court seeking information from CSOSA and then to provoke CSOSA to initiate actions in federal court seeking to quash these judge-signed subpoenas. *Id.* This is incorrect. PDS has no such policy, and CSOSA's argument reveals a fundamental misunderstanding of the work that Mr. Edwards' PDS counsel does. In individual criminal cases like Mr. Edwards' case, PDS counsel's exclusive mission is to zealously represent the interests of the individual client, as the Constitution requires. *See* U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In this respect, Mr. Edwards' PDS attorneys are no different than any private court-appointed or retained counsel.[2]

CSOSA objects to Mr. Edwards' assertion that his PDS lawyers are autonomous actors, like private counsel, who are wholly devoted to the advancement of Mr. Edwards' interests. But, in fact, this is precisely how the Supreme Court has described a public

---

[2] In this instance, Mr. Edwards' PDS trial attorneys, Edward Ungvarsky and James Whitehead sought out the assistance of attorneys from PDS's Special Litigation Division (SLD); these SLD attorneys have some experience litigating subpoena issues with CSOSA, but, just like Mr. Edwards' trial attorneys, their role in this case has been limited to advancing the individual interests of Mr. Edwards. And here, having been acquitted in Superior Court, Mr. Edwards no longer has any cognizable interest in this issue, because any decision in this litigation "cannot affect [his] rights." *Public Utilities Comm'n*, 236 F.3d at 713.

4

defender's representation of a client in an individual case. *Polk County v. Dodson*, 454 U.S. 312, 325 (1982) ("a public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding"). In *Polk*, the Court explained that "[w]ithin the context of our legal system, the duties of a defense lawyer are those of personal counselor and advocate . . . . This is essentially a private function." *Id*. at 318-19. The Court specifically rejected the argument made by CSOSA here, *see* Opposition at 6-7, that this relationship fundamentally changes when defense counsel are employed directly by the state. As the Court explained, "a defense lawyer is not, and by the nature of his function cannot be, the servant of an administrative superior. . . . [Rather,] a public defender works under cannons of professional responsibility that mandate his exercise of independent judgment on behalf of the client." 454 U.S. at 321.[3] Likewise, the state or the agency employing the public defenders for the state has a "constitutional obligation . . . to respect the professional independence of the public defenders whom it engages." *Id.* at 321-22.[4]

In short, what CSOSA apparently fails to appreciate is that there is no "controversy between CSOSA and PDS," Opposition at 7-8, that is independent of PDS' representation of an individual client in an individual case. Likewise, CSOSA fails to appreciate that, as a necessary consequence of the fact that "criminal defendants differ from case to case," *id*. at 7, any analysis by a court as to the validity of CSOSA's

---

[3] *See also id.* ("A lawyer shall not permit a person who recommends, employs, or pays him to render legal services for another to direct or regulate his professional judgment in rendering such legal services.") (quoting DR 5-107(B), ABA Code of Professional Responsibility (1976)).

[4] CSOSA's mischaracterization of the litigation of the subpoena issue in this case by Mr. Edwards' PDS counsel as an "institutional action" also ignores the role of the Superior Court judiciary in this matter; after all, Mr. Edwards sought and obtained judicial authorization to serve a subpoena on CSOSA.

5

defiance of a judge-signed Superior Court subpoena will be affected by the facts of the individual case. In determining whether CSOSA has legitimate grounds to move to quash, a court will examine, *inter alia*, (1) the nature and scope of the information sought by a Superior Court criminal defendant, (2) whether CSOSA was given the opportunity (and, if so, whether it took the opportunity given) to comply with its *Touhy* regulations, and (3) other legal positions taken by the parties in Superior Court related to the request for information.

The argument by CSOSA that its defiance of a judge-signed Superior Court subpoena can be litigated regardless of the identity of the criminal defendant and independent of the underlying facts, Opposition at 8, is apparently premised on its assertion that its defense of sovereign immunity is dispositive of its Motion to Quash. But this simply presumes CSOSA's actual success on the merits. Whether or not CSOSA was shielded by sovereign immunity in this case is a subject of dispute. As explained in Mr. Edwards' Opposition to CSOSA's Motion to Quash at 24-26, it is Mr. Edwards' position that CSOSA is wrong; it had no sovereign immunity defense here where (1) the United States, of which CSOSA is a part, waived sovereign immunity in Superior Court when it voluntarily initiated a prosecution against Mr. Edwards in that forum; and (2) Congress has specifically legislated that CSOSA acts on behalf of and thus is necessarily subject to the authority of the Superior Court. *See* D.C. Code § 24-133(c)(1) (CSOSA "carr[ies] out its responsibilities on behalf of the court or agency having jurisdiction over the offender being supervised"); *see also Richardson v. United States*, 2007 WL 2001481, *6 n. 13 (D.C. July 12, 2007) ("the Court Supervision and Offender ('CSOSA') is in charge of the day-to-day monitoring during probation *on behalf of the Superior*

6

*Court*") (emphasis added).  Given that mootness presents a jurisdictional defect for the Court, the Court must first determine whether an exception to the mootness bar applies before it addresses the merits.[5]  In other words, the Court cannot conduct a cart-before-the-horse analysis where it resolves the merits in order to determine whether or not a case is moot.

## II. CSOSA'S CHALLENGE TO SUPERIOR COURT AUTHORITY WILL NOT EVADE JUDICIAL REVIEW

The very fact-specific nature of a subpoena challenge not only militates against the issuance of an advisory opinion in this now-moot case, but also demonstrates that this issue is not likely to evade review indefinitely.  CSOSA observes that Mr. Edwards did not reference the temporal "evading review" component of the mootness exception in his Motion to Dismiss and asserts that this element is clearly satisfied.  Opposition at 4-5.  Having conclusively demonstrated that CSOSA failed to carry its burden to justify review of this now-moot case because there is no recurring dispute between the parties, Mr. Edwards had thought the temporal defect in CSOSA's "capable of repetition" argument cumulative.  *See Pharmachemie*, 276 F.3d at 290 (failure to demonstrate that same parties would have same recurring dispute alone precluded review under "capable of repetition" exception to mootness bar).  In any event, Mr. Edwards does *not* concede that temporal

---

[5]  *See Tucson Medical Center v. Sullivan*, 947 F.2d 971, 977 (D.C. Cir. 1991) ("A federal court lacks jurisdiction to consider the merits of claims that are deemed 'moot,' because 'the judicial power extends only to cases or controversies.'") (quoting *Powell v. McCormack*, 395 U.S. 486, 496 n.7 (1969)); *Larsen v. U.S. Navy*, 486 F. Supp. 2d 11, 23 (D.D.C. 2007) ("[A] court may not rule on the merits of a case in which the claim for relief is moot."); *District of Columbia v. Jeppsen ex rel. M.J.*, 468 F. Supp. 2d 107, 113 (D.D.C. 2006) ("As this action is moot, the Court lacks jurisdiction to . . . make a determination on the merits of this action . . . .").

7

concerns militate in CSOSA's favor.  Indeed, it is clear that on this ground too, CSOSA's attempt to keep this now-moot case alive fails.

CSOSA claims its challenge to Superior Court jurisdiction could never be fully litigated because, in this particular case, the subpoena issue arose in the midst of a criminal trial with only days to litigate the matter.  Opposition at 4.  But other fact patterns could readily present an opportunity for full litigation of a discrete challenge to a Superior Court subpoena by CSOSA.  For example, the Superior Court might continue the trial date precisely to permit full litigation of this issue in federal court prior to trial.  Similarly, if trial had already begun, the Superior Court might determine that a mistrial is required in the absence of this information, in which case the parties would have the opportunity to litigate this issue prior to any retrial.  By the same token, if an appellate court determined that, in the absence of this information, the defendant's right to a fair trial was abrogated and remanded the case for a new trial, there would also be ample time to litigate this issue.

Also relevant to the calculus is the time needed to litigate a discrete challenge to judge-signed Superior Court subpoena.  The "two-year" mark on which CSOSA places such reliance, *see* Opposition at 4, "serves only as a rule of thumb" for assessing whether the challenged action is likely to evade judicial review.  *See LaRouche v. Fowler*, 152 F.3d 974, 978 (D.C. Cir. 1998).  But, unlike in the context of an actual civil suit, the litigation of which can be extremely time consuming, the litigation of the validity of CSOSA's defenses in federal court would presumably be fairly quick.  Indeed in this case, the merits were fully briefed in less than a month   In other words, the "challenged action" before this Court is not "*by its very nature [so] short in duration*," that it could

8

not be adjudicated while fully live. *Pharmachemie*, 276 F.3d at 633 (emphasis in original).

## II. REVIEW OF THIS NOW-MOOT CASE IS ESPECIALLY UNWARRANTED GIVEN THAT CSOSA HAS ALREADY ACCEDED TO THE AUTHORITY OF SUPERIOR COURT.

Finally, expenditure of this Court's resources to review CSOSA's now-moot challenge to the judge-signed Superior Court subpoena is particularly unwarranted where CSOSA has already properly acceded to the authority of the Superior Court and disclosed the sought-after records pursuant to a court order. CSOSA protests that its action cannot be construed as a concession because it never leveled a general challenge to the Superior Court's jurisdiction. *But see, e.g.,* Motion to Quash at 4 ("sovereign immunity precludes the Superior Court from entering an order compelling production"). Instead, CSOSA asserts that it merely argued that "Superior Court *subpoenas* are an inappropriate and impermissible means for litigants in the Superior Court to obtain records from . . . CSOSA." Opposition at 8 (emphasis added). But this swiss-cheese theory of sovereign immunity -- which apparently robustly shields CSOSA from enforcement of Superior Court subpoenas but provides CSOSA with no protection against enforcement of other Superior Court orders to disclose precisely the same information -- does not withstand even minimal scrutiny, and, not surprisingly, CSOSA fails to provide any authority to support this argument.[6]

---

[6] CSOSA also objects that this concession of the Superior Court's jurisdiction was not a waiver of its right to remove this action to federal court. Opposition at 11-14. Whether or not the actions of CSOSA's counsel -- going over to Superior Court in the midst of trial proceedings to propose to Mr. Edwards' counsel a face-saving measure for CSOSA to produce to the Superior Court precisely the same information sought by Mr. Edwards' judge-signed subpoena -- technically constitute a waiver, they certainly can be construed as an abandonment of CSOSA's federal court litigation which CSOSA seeks to revive

9

In any event, CSOSA misses the point. Because CSOSA has already properly acceded to the authority of the Superior Court and disclosed the subpoenaed information, this is a particularly inappropriate case for this Court to use as a vehicle to address CSOSA's arguments. Even if Mr. Edwards had not been acquitted, there is no issue left for the parties to litigate. In addition, CSOSA's actions in this case further distinguish it from the typical (if such a thing exists, but *see* pp. 5-6 *supra*) case where a criminal defendant seeks to obtain information from CSOSA by means of a judge-signed Superior Court subpoena. In other words, this case is particularly ill-suited to serve as a vehicle for resolution of the various legal issues in play because its distinctive facts will render it less likely to provide meaningful guidance in future cases where CSOSA seeks to defy a judge-signed Superior Court subpoena.

WHEREFORE, for the reasons set forth above and in Mr. Edwards' initial Motion to Dismiss, and any other reasons that appear to the Court, Mr. Edwards respectfully requests that this Court dismiss the instant action as moot and grant any other relief as the Court deems appropriate.

August 16, 2007                                   Respectfully submitted,

                                                  _____*-s-*_____
                                                  Timothy O'Toole D.C. Bar # 469800
                                                  Catharine F. Easterly D.C. Bar # 484537
                                                  Special Litigation Division
                                                  Public Defender Service
                                                  633 Indiana Ave, NW
                                                  Washington D.C. 20004
                                                  (202) 628-1200

---

only now -- *after* having successfully avoided the unpleasantness of defying a Superior Court judge obviously inclined to order them to disclose the sought-after information by whatever means in his power.

10